IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LEE SHRIVER and PAMELA SHRIVER<br>*Plaintiffs*<br><br>vs.<br><br>ROBERT BRIGGS; MODERN MIDWAYS, INC.; and MODERN MIDWAYS, INC.<br>*Defendants* | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW Lee Shriver and Pamela Shriver ("Plaintiffs") and files their Complaint against Robert Briggs, Modern Midways, Inc. and Robert Briggs d/b/a Modern Midways, Inc. ("Defendants") as joint tortfeasors, and shows this Honorable Court the following:

### JURISDICTION & VENUE
### BASIS FOR JURISDICTION

1.

This is a refiling of Federal Civil Action Number 2:19-CV-103-RWS which was dismissed by this Court without prejudice on September 30, 2020. Please see Exhibit "A" attached hereto. All conditions referenced in said order have been satisfied.

2.

On or about May 7, 2017, Plaintiffs and their family members went to a carnival located at 150 Pearl Nix Pkwy, Gainesville, GA 30501. Said carnival was owned, operated, and managed by Defendants. As such, venue and jurisdiction, against the non-residents is properly placed in the County wherein the subject incident occurred, to wit: Hall County, Georgia.

3.

Defendant Robert Briggs resides at 22901 Sherman Road, Steger, Cook County, Illinois 60475 and may be served with a copy of the summons and complaint at this address. Defendant is subject to the jurisdiction of this Court.

4.

Defendant Modern Midways, Inc. is a for-profit corporation established under the laws of Indiana. Defendant Modern Midways, Inc. may be served via its Indiana registered agent, Robin Briggs, at 905 Joliet Street, Unit 102, Dyer, Indiana 46311.

5.

Defendant Modern Midways, Inc. is a for-profit corporation established under the laws of Illinois. Defendant Modern Midways, Inc. may be served via its Illinois registered agent, John A. Krupa, at 195 W. Joe Orr Road, Suite 200, Chicago Heights, Cook County, Illinois 60411.

6.

Venue and jurisdiction is proper in this Court as to all named Defendants.

## BACKGROUND & FACTS

7.

On or about May 7, 2017, Plaintiffs and their family members went to a carnival located at 150 Pearl Nix Pkwy, Gainesville, Hall County, Georgia 30501. Said carnival was owned, operated, managed and put together by the joint tortfeasors.

8.

Plaintiff Lee Shriver had purchased tickets to ride the "Super Slide" with his granddaughter. Plaintiff and his granddaughter climbed to the top of the slide, sat down on the slide, and proceeded to slide down the slide.

9.

Shortly after beginning the ride, Plaintiff Lee Shriver's hand, while gripping the right railing, was ripped apart by a piece of the slide which was jutting out because of a gap left in its assembly.

10.

Plaintiff Lee Shriver suffered serious injuries to his right hand, among other injuries, as a result of riding on the Super Slide owned, operated, managed and controlled by the joint tortfeasors.

## COUNT I
## NEGLIGENCE

11.

Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendants were negligent in inspecting and maintaining the "Super Slide" for any defects.

13.

Defendants and or their agents/employees negligently assembled the slide at issue resulting in a gap with a protruding metal piece.

14.

The named corporate Defendants:

1. Negligently hired and or trained individuals regarding the assembly of the slide;
2. Failed to have adequate guidelines and rules in place regarding the inspection and assembly of the slide.
3. Failed to comply with county, state and municipal rules regarding the slide, including the reporting of injuries regarding its use as well as other matters pertaining to maintenance, training, licensing, and the like.

15.

Defendants' negligence is the sole and proximate cause of Plaintiff's serious injuries.

16.

As a result of the incident, Plaintiff Lee Shriver incurred substantial medical expenses for necessary and proper care and treatment of his injuries in a currently unknown sum, and will continue to incur, medical expenses, and for which Plaintiff is entitled to recover, but in an amount no less than $46,181.48.

17.

As a result of the incident, Plaintiff Lee Shriver incurred wages and income losses and may continue to incur wage losses, and for which Plaintiff is entitled to recover in an amount to be proven at trial.

18.

As a result of the incident Plaintiff Lee Shriver has incurred pain and suffering.

19.

In addition to ordinary negligence and negligence per se to the extent that Defendants failed to comply with appropriate regulations concerning the operation of the carnival and operation of the slide, the joint tortfeasors owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff Lee Shriver. Defendants failed in this regard and Plaintiff was injured.

## COUNT II
## LOSS OF CONSORTIUM

20.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At the time of the incident that is the subject of this complaint, Plaintiffs Lee Shriver and Pamela Shriver were lawfully married, and are still married as of the date of the filing of this Complaint.

22.

As a proximate result of the injuries suffered by Lee Shriver in the above-described incident, Plaintiffs' marital relationship has been interfered with, and Plaintiff Pamela Shriver has suffered a loss of the intimacy, companionship and affection of her husband Lee Shriver.

23.

As a proximate result of the injuries suffered by Plaintiff Lee Shriver in the above-described incident, Pamela Shriver has had to take care of her husband Lee Shriver, and their marital relationship has suffered.

24.

As a proximate result of the injuries suffered by Plaintiff Lee Shriver in the above-described incident Plaintiff Pamela Shriver has a legal claim for the loss of the consortium of her husband Lee Shriver.

## COUNT IV

## VICARIOUS LIABILITY

25.

Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

As relates to the named Corporate Defendants, at all times relevant to this action, the individuals responsible for inspecting, cleaning, putting together, and maintaining the "Super Slide" were employees of the joint tortfeasors and were acting within the scope of their employment.

27.

As such the Corporate Defendants are liable for the negligent acts of its agents/employees as set forth in Count I above and are liable for their negligence under the doctrine of respondeat superior or more generally principals of agency.

## COUNT V

## PUNITIVE DAMAGES

28.

Plaintiffs realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

28.

At the time of the subject incident, upon information and belief, the Super Slide was operated, maintained, put together, or otherwise presented to the public for use, in a manner which constituted that level of willfulness, wantonness, and/or conscious indifference to consequences warranting the imposition of punitive damages, which damages plaintiffs claim in this lawsuit.

WHEREFORE, Plaintiffs prays that they have a trial on all issues and judgment against Defendant as follows:

(a) That Summons and process issue according to law;

(b) For leave to amend this Complaint;

(c) That all issues be tried before a jury of twelve.

(d) That Plaintiffs recover the full value of past and future medical expenses and past and future medical expenses to be proven at trial;

(e) That Plaintiffs recover the full value of any wage and income losses, past and future, that she may incur and as shall be proven at trial;

(f) That Plaintiffs recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(g) That Plaintiffs recover such other and further relief as is just and proper;

(h) For all costs to be assessed against the Defendant; and

(i) For such other and further relief as this Honorable Court deems just and appropriate under the circumstances.

Respectfully submitted,

*/s/ Richard M. Howe*
RICHARD M. HOWE
Attorney for Plaintiff
Georgia Bar #371805

HOWE & ASSOCIATES, P.C.
4385 Kimball Bridge Rd. Ste 100
Alpharetta, GA 30022
(P) 770-529-4357
(F) 678-505-8399
rhowe@howelawfirmpc.com
litigationteam@howelawfirmpc.com
Our File No. RM-1093



Richard M. Howe Law Firm, P.C.
4385 Kimball Bridge Road Suite 100
Alpharetta, GA 30022

## Orders on Motions
2:19-cv-00103-RWS Shriver et al
v. Modern Midways, Inc, et al

8months,NeedJgm,SUBMDJ

## U.S. District Court

## Northern District of Georgia

### Notice of Electronic Filing

The following transaction was entered on 9/30/2020 at 12:30 PM EDT and filed on 9/30/2020
**Case Name:**     Shriver et al v. Modern Midways, Inc, et al
**Case Number:**   2:19-cv-00103-RWS
**Filer:**
**Document Number:** 72

**Docket Text:**
ORDER granting Plaintiffs' [62] Motion to Dismiss. The case is hereby DISMISSED without prejudice. The Defendants Motion to Stay [68] is DENIED as moot. To effect the conditions imposed on the Plaintiff, the Court retains jurisdiction over the determination of collateral matters even after the case is ended. The parties are hereby ORDERED as follows: Defendant Modern Midways shall file a notice of the costs, including attorneys fees, associated with its defense of the aforementioned two Motions WITHIN 14 DAYS of this Order. The Plaintiffs may then FILE any objections to those costs WITHIN 14 DAYS thereafter. The Court will then determine the amount of costs to which Defendant Modern Midways will be entitled in the event Plaintiffs refile this action. Should the Plaintiffs elect to refile, they must do so in the United States District Court for the Northern District of Georgia and must pay to Modern Midways the costs, as determined by this Court, prior to refiling the action. Failure to comply with these conditions will result in dismissal of the refiled action, with prejudice. Signed by Judge Richard W. Story on 09/30/2020. (rsg)

**2:19-cv-00103-RWS Notice has been electronically mailed to:**

Andrei Vlad Ionescu     aionescu@wznd.net

Brian Robert Neary    bneary@wznd.net, lmeadows@wznd.net

Marc M. Aragon    Marc@HoweLawFirmPC.com, lfriedman@howelawfirmpc.com, rhoweefilepi@gmail.com

Marvin Dewayne Dikeman    mdikeman@wznd.net, lmeadows@wznd.net

**2:19-cv-00103-RWS Notice has been delivered by other means to:**

Richard M. Howe
Howe Law Firm, P.C.
Suite 100
4385 Kimball Bridge Road
Alpharetta, GA 30022

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060868753 [Date=9/30/2020] [FileNumber=11239365-0] [2e2d69a2868ad8948a9899e1681e49ff7755ef1916eb9d51f3ebc4738f03742652 111996ab2a4c3fb8125fee4771f4b7a8d8456727e4a7f6d0d0fc97436da03d]]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LEE SHRIVER & PAMELA SHRIVER,<br><br>Plaintiffs,<br><br>v.<br><br>MODERN MIDWAYS, Inc., BRIGGS TRANSPORT, Inc., MIDWEST MIDWAYS, Inc., SHOW TRANSPORT, LLC, & Robert Briggs,<br><br>Defendants. | Civil Action No.<br><br>2:19-CV-103-RWS |

## ORDER

This case comes before the Court on the Plaintiffs' Motion to Voluntarily Dismiss the case [Dkt. 62] and the Defendants' Motion to Stay Pending a Ruling on that Motion [Dkt. 68]. The Court has reviewed the record, and, for the reasons below, the Motion to Dismiss is **GRANTED**, albeit with certain conditions, and the Motion to Stay is **DENIED as moot**.

## BACKGROUND

As the Court has previously noted, this personal injury case should be straightforward. The Court in its prior Order [Dkt. 37] aimed to resolve a host of procedural issues—mostly related to service of process on the Defendants—and so

to clear the way for the parties to approach the merits of the case. Now, the Plaintiffs—Lee Shriver and his wife, Pamela—are looking to wipe the slate clean, put those procedural troubles behind them, and get a fresh start on their case.

Having done so recently, the Court will not repeat the case history here.

## DISCUSSION

### I. Legal Standard

Rule 41(a) of the Federal Rules of Civil Procedure governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. See FED.R.CIV.P. 41(a). The rule allows a plaintiff to do so without seeking leave of court, as long as the defendant has not yet filed an answer or a motion for summary judgment. FED.R.CIV.P. 41(a)(1)(A). If a defendant has made such a filing, the plaintiff must obtain permission from the court to voluntarily dismiss the case: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED.R.CIV.P. 41(A)(2). Such a dismissal is considered to be without prejudice unless otherwise specified by the court. Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015).

A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). Id. Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal

2

prejudice other than the mere prospect of a second lawsuit. Id. While the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists "chiefly for protection of defendants," the court should also "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id.

## II. Analysis

### A. Voluntary Dismissal

The parties more or less agree on the intent of this Motion as well as the legal basis for the Court's decision here. Because of Georgia's renewal statute, O.C.G.A. § 9-2-61, if the Shrivers are able to dismiss this case and refile it, the remaining Defendants, Modern Midways and Robert Briggs, would lose the ability to raise their statute of limitations defense, a defense which they believe may well be dispositive. Unsurprisingly, each side weighs the equities in its own favor.

Ultimately, however, Eleventh Circuit precedent guides the Court's determination. The Court of Appeals has reiterated that "the loss of a statute-of-limitations defense alone did not necessarily constitute *per se* legal prejudice sufficient to bar a dismissal without prejudice under Rule 41." Arias, 776 F.3d at 1271 (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 859 (11th Cir.1986)). And while the court allowed for the possibility that such a loss *could* amount to

3

prejudice on the facts and circumstances, ultimately, it upheld the discretionary decision of the district court to allow the plaintiff to refile. Id. at 1275; see also McCants, 781 F.2d at 859 (allowing dismissal when defendant suffered "no practical prejudice . . . that could not be alleviated by the imposition of costs").

The Defendants would distinguish their case from Arias, noting that the statute of limitations defense there was dubious, whereas theirs appears stronger, and so the Court is not bound by Arias to grant the Motion. In a sense, they are right—undoubtedly the Court could in its discretion deny the Motion. See Arias, 776 F.3d at 1275 ("McCants allows for a motion for voluntary dismissal without prejudice to be denied if a statute-of-limitations defense could be lost, provided that consideration of all of the equities in the case warrant such a conclusion.")

But even assuming their defense is valid, they cannot prevail: they cannot distinguish this case from the *principle* that underlies Arias and McCants—namely, that the loss of the defense, without more, is unlikely to amount to legal prejudice sufficient to warrant denying the Motion. And other than the loss of that defense, they point to no legal prejudice they will suffer. The only other factor raised goes to the cost of litigation, something that can be cured by the imposition of costs and conditions. Accordingly, the Plaintiffs' Motion to Dismiss Without Prejudice [Dkt. 62] is hereby **GRANTED**.

**B. Costs and Conditions**

The Rule allows the Court to impose "such costs and attac[h] such conditions to the dismissal as are deemed appropriate." <u>Arias</u>, 776 F.3d at 1268. Here, the Defendants ask that the Plaintiffs be required to pay the costs associated with defending this case and that they be required to file any new case in the Northern District of Georgia to avoid unnecessarily litigation about removal. Such conditions on refiling have been found to be reasonable. <u>Versa Prod., Inc. v. Home Depot, USA, Inc.</u>, 387 F.3d 1325 (11th Cir. 2004).

Those conditions are reasonable here, and the Court will impose them upon the refiling of the new case, though the imposition of costs will be limited to the expenses of litigating the two Motions that will no longer bear on the new case: the Defendants' Motion to Dismiss [Dkt. 14], and the Plaintiff's Motion for Relief from Judgment [Dkt. 23].

## CONCLUSION

The Plaintiffs' Motion to Voluntarily Dismiss the Case [Dkt. 62] is hereby **GRANTED**. The case is hereby **DISMISSED** without prejudice. The Defendants' Motion to Stay [Dkt. 68] is **DENIED as moot**.

To effect the conditions imposed on the Plaintiff,[1] the parties are hereby **ORDERED** as follows:

Defendant Modern Midways shall file a notice of the costs, including attorney's fees, associated with its defense of the aforementioned two Motions **WITHIN 14 DAYS** of this Order. The Plaintiffs may then **FILE** any objections to those costs **WITHIN 14 DAYS** thereafter. The Court will then determine the amount of costs to which Defendant Modern Midways will be entitled in the event Plaintiffs refile this action.

Should the Plaintiffs elect to refile, they must do so in the United States District Court for the Northern District of Georgia and must pay to Modern Midways the costs, as determined by this Court, prior to refiling the action. Failure to comply with these conditions will result in dismissal of the refiled action, with prejudice.

**SO ORDERED** this 30th day of September, 2020.

_____
**RICHARD W. STORY**
United States District Judge

---

[1] The Court retains jurisdiction over the determination of collateral matters even after the case is ended. See Hyde v. Irish, 962 F.3d 1306, 1309–10 (11th Cir. 2020).